**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

YELDEZIENA CONDOR

VS. CASE NUMBER: 07-460-ML

GEICO GENERAL LIABILITY
INSURANCE COMPANY, SUMMIT
INSURANCE COMPANY, and NEW
LONDON COUNTY
MUTUAL INSURANCE COMPANY

**ANSWER OF DEFENDANT, GEICO GENERAL LIABIITY INSURANCE COMPANY (SIC), AND GEICO GENERAL INSURANCE COMPANY**

Now comes the defendant, GEICO General Insurance Company in relation to the above captioned claim and in Answer to the Complaint as alleged against it, herein states as follows:

**FIRST AFFIRMATIVE DEFENSE**

This defendant affirmatively pleads the defense of insufficiency of process and insufficiency of service of process, as the plaintiff has improperly identified the proper party defendant as GEICO General Liability Insurance Company,

**SECOND AFFIRMATIVE DEFENSE**

This defendant affirmatively pleads the defense of misnomer of party.

**THIRD AFFIRMATIVE DEFENSE**

This defendant denies each and every allegation of breach of contract as alleged against it in the Complaint of the plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

This defendant denies each and every allegation of bad faith as alleged against it in the Complaint of the plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

As to Count I of the Complaint, this defendant affirmatively pleads the denial of performance of conditions precedent, in that the plaintiff failed to provide notice of the alleged claim for underinsured motorist coverage until more than seventeen months following the accident, and further, failed to timely provide reasonably requested medical documentation in a prompt and timely manner.

**SIXTH AFFIRMATIVE DEFENSE**

As to Count I of the Complaint, this defendant affirmatively pleads the defense of failure to state a cause of action upon which relief may be granted, as the plaintiff has failed to allege that it has complied with all conditions precedent, and further, has failed to prove that it is entitled to relief for "underinsured coverage" under the policy contract.

**SEVENTH AFFIRMATIVE DEFENSE**

As to Count II, this defendant affirmatively pleads the defense of failure to state a cause of action upon which relief may be granted, as the issue as to whether the insurer breached its obligations under the insurance contract has not yet been considered.

**EIGHTH AFFIRMATIVE DEFENSE**

As to Count II, this defendant denies that the plaintiff has met a condition precedent, in that the issue as to whether the insurer breached its obligations under the insurance contract has not yet been considered.

**NINTH AFFIRMATIVE DEFENSE**

This defendant affirmatively pleads the defense of lack of jurisdiction over the subject matter, as the matter in controversy does not exceed the value of $75,000.00

**TENTH DEFENSE**

For a defense to the separate paragraphs of the Complaint, this defendant responds as follows:

**Parties**

1. As to the allegations set forth in paragraphs 1, 3, 4, 5, and 6, this defendant is without sufficient knowledge hereof at this time, and leaves the plaintiff to make such proof thereof as they may be advised.

2. The allegations set forth in paragraph 2 are denied.

**Jurisdiction and Venue**

3. As to the allegations set forth in paragraph 7, this defendant denies that "GEICO General Liability Insurance Company" is authorized to engage in the business of insurance in the State of Rhode Island and is subject to the jurisdiction of this court. This defendant admits that GEICO General Insurance Company is authorized to engage in the business of insurance in the State of Rhode Island and is subject to the personal jurisdiction of the court, and is without sufficient knowledge as to the remaining allegations as set forth therein, and leaves the plaintiff to make such proof thereof as she may be advised.

4. The allegations set forth in paragraph 8 are denied.

5. The allegations set forth in paragraph 9 are admitted, only to the extent that jurisdiction is established.

## Factual Background

6. As to the allegations set forth in paragraph 10, this defendant admits to the date and location of the accident, and is without sufficient knowledge as to the remaining allegations therein, and leaves the plaintiff to make such proof as she may be advised.

7. As to the allegations set forth in paragraph 11 are denied.

## The Insurance Policies Applicable To Plaintiff's Claims for Damages

8. As to the allegations set forth in paragraphs 12 and 14, this defendant is without sufficient knowledge hereof, and leaves the plaintiff to make such proof thereof as they may be advised.

9. This defendant denies the allegations set forth in paragraph 13 as to GEICO General Liability Insurance Company.

## Settlement Under Merchants Policy

10. As to the allegations set forth in paragraph 15, this defendant admits to the offer of the $100,000.00 by "Merchants", and denies the remaining allegations as set forth therein.

11. The allegations set forth in paragraphs 16 and 19 are admitted.

12. As to the allegations set forth in paragraph 17, this defendant is without sufficient knowledge hereof at this time, and leaves the plaintiff to make such proof thereof as she may be advised.

## Underinsured Claim Activity Involving GEICO

13. As to the allegations set forth in paragraph 18, said allegations are denied as to GEICO General Liability Insurance Company and admitted as to GEICO General Insurance Company.

14. As to the allegations set forth in paragraph 21, this defendant denies same and states that Exhibit 5 is not a complete copy of the mailing of March 8, 2006 as it does not include the prior letter of October 11, 2005, and denies that it was acting under any "pretext."

15. As to the allegations set forth in paragraphs 22, 23, and 25 are denied.

16. As to the allegations set forth in paragraph 24, this defendant pleads that said paragraph does not contain allegations of fact, but rather conclusions of law, to which no response is required. To the extent that a response is required, paragraph 24 is denied.

## Underinsured Claims Activity Involving Summit

17. As to the allegations set forth in paragraphs 26, 27, 28, 29, 30, 31, 32, 33, and 34, said allegations are not made against this defendant, and as such, no response is required.

## Activity by Smith and Brink, Agents for Summit and/or NLC and/or NLC

18. As to the allegations set forth in paragraphs 35, 36, 37, 38, 39, 40, 41, 42, and 43, said allegations are not made against this defendant, and as such, no response is required.

**COUNT I**
**Breach of Contract - GEICO**

19. As to the allegations set forth in paragraph 24, this defendant hereby incorporates by reference its answers to paragraphs 1, 2, 7–13, 15, 16, and 18-25, as if fully set forth herein.

20. As to the allegations set forth in paragraphs 45 are denied.

**COUNT II**
**Bad Faith - GEICO**

21. As to the allegations set forth in paragraph 26, this defendant hereby incorporates by reference its answers to paragraphs 1, 2, 7-13, 15, 16, 18-25, and 45, as if fully set forth herein.

22. As to the allegations set forth in paragraphs 47, and 48 are denied.

**COUNT III**
**Breach of Contract – Summit**

23. As to the allegations set forth in paragraphs 49 and 50, said allegations are not made against this defendant, and as such, no response is required.

**COUNT IV**
**Bad Faith – Summit**

24. As to the allegations set forth in paragraphs 51-53, said allegations are not made against this defendant, and as such, no response is required.

**COUNT V**
**Bad Faith - NLC/Summit**

25. As to the allegations set forth in paragraphs 55-56, said allegations are not made against this defendant, and as such, no response is required.

**COUNT VI**
**Abuse of Process**

26. As to the allegations set forth in paragraphs 57-76, said allegations are not made against this defendant, and as such, no response is required.

**ELEVENTH AFFIRMATIVE DEFENSE**

27. This defendant generally denies all averments contained in the Complaint of the Plaintiff, except such designated averments as have been expressly admitted.

WHEREFORE, the defendant, GEICO General Insurance Company, hereby demands Judgment on its behalf, plus an assessment of costs, reasonable attorney's fees, and other relief as this Court may deem necessary and appropriate.

Defendant hereby requests a trial by jury.

Defendant
By Its Attorneys
FINAN & GROURKE

/s/ Jeffrey P. Finan
Jeffrey P. Finan #3278
24 Spring Street
Pawtucket, RI 02860
401-723-6800
401-726-6340

**CERTIFICATION**

I hereby certify that a copy of the within Answer was filed through the ECF System on January 25, 2008 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed, postage prepaid, to the participants not registered

/s/ Jeffrey P. Finan #3278