UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

YELDEZIENA CONDOR
Plaintiff

vs. C.A.NO.: 07-460 ML

GEICO GENERAL LIABLITY
INSURANCE COMPANY, SUMMIT
INSURANCE COMPANY and NEW
LONDON COUNTY MUTUAL
INSURANCE COMPANY
Defendant

**DEFENDANTS, SUMMIT INSURANCE COMPANY and NEW LONDON COUNTY MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

1. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph One (1), and call upon the Plaintiff to prove the same.

2. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph Two (2), and call upon the Plaintiff to prove the same.

3. The allegations of paragraph Three (3) are admitted.

4. The allegations of paragraph Four (4) are admitted.

5. The allegations of paragraph Five (5) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

6. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph Six (6), and call upon the Plaintiff to prove the same.

**JURISDICTION AND VENUE**

7. The allegations of paragraph Seven (7) are admitted to the extent that Summit and NLC have been authorized to engage in the business of insurance in Rhode Island during the relevant times. The remaining allegations of paragraph Seven (7) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

8. The allegations of paragraph Eight (8) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

9. The allegations of paragraph Nine (9) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

## FACTUAL BACKGROUND

10. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph Ten (10), and call upon the Plaintiff to prove the same.

11. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph Eleven (11), and call upon the Plaintiff to prove the same.

## The Insurance Polices applicable to Plaintiff's Claims for Damages

12. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph Twelve (12), and call upon the Plaintiff to prove the same.

13. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph Thirteen (13), except that it is admitted that a policy of insurance was issued by GEICO.

14. The Defendant admits that it issued a policy of liability insurance to Joseph Ferri with a limit of one hundred thousand dollars ($100,000.00), but the remaining allegations of paragraph Fourteen (14) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

## Settlement under the Merchants Policy

15. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph Fifteen (15), except that it is admitted that Merchants offered to pay Condor $100,000.00.

16. The allegations of paragraph Sixteen (16) are admitted.

17. The Defendant admits that the incorporated letter cited in paragraph Seventeen (17) granted permission of the plaintiff to settle her claim with the tortfeasor, but Defendant denies any reference to its assent.

18. The allegations in paragraph Eighteen (18) are not directed to this Defendant, therefore, a response is not necessary.

19. The allegations of paragraph Nineteen (19) are admitted.

**Underinsurance Claim Activity Involving GEICO**

20. The allegations in paragraph Twenty (20) are not directed to this Defendant, therefore, a response is not necessary.

21. The allegations in paragraph Twenty-One (21) are not directed to this Defendant, therefore, a response is not necessary.

22. The allegations in paragraph Twenty-Two (22) are not directed to this Defendant, therefore, a response is not necessary.

23. The allegations in paragraph Twenty-Three (23) are not directed to this Defendant, therefore, a response is not necessary.

24. The allegations in paragraph Twenty-Four (24) are not directed to this Defendant, therefore, a response is not necessary.

25. The allegations in paragraph Twenty-Five (25) are not directed to this Defendant, therefore, a response is not necessary.

**Underinsurance Claim Activity involving Summit**

26. The allegations in paragraph Twenty-Six (26) are admitted.

27. Defendant admits that it sent a letter On August 25, 2003, the contents of which speak for itself.

28. The allegations in paragraph Twenty-Eight (28) are denied.

29. The allegations of paragraph Twenty-Nine (29) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

30. It is admitted that the plaintiff sent the Defendant a letter dated March 2, 2006. The remaining allegations in paragraph Thirty (30) can neither be admitted nor denied as they state conclusions of law rather than factual assertions

31. The allegations in paragraph Thirty-One (31) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

32. The allegations in paragraph Thirty-Two (32) are denied.

33. The allegations of paragraph Thirty-Three (33) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

34. The allegations in paragraph Thirty-Four (34) are denied.

**Activity by Smith & Brink, Agents for Summit and/or NLC**

35. The allegations in paragraph Thirty-Five (35) are admitted.

36. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph Thirty-Six (36), and calls upon the Plaintiff to prove the same.

37. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph Thirty-Seven (37), and calls upon the Plaintiff to prove the same.

38. The allegations in paragraph Thirty-Eight (38) are denied.

39. The allegations in paragraph Thirty-Nine (39) are admitted.

40. It is admitted that Smith & Brink filed a Miscellaneous Petition, the contents of which speak for itself.

41. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph Forty-One (41), and calls upon the Plaintiff to prove the same.

42. The Defendant states that the contents of the miscellaneous petition speak for itself.

43. The allegations of paragraph Forty-Three (43) are denied regarding any reference to allegations of bad faith, deception, confusion, or the like, the remaining allegations can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

**COUNT I**
**Breach of Contract-GEICO**

44. The Defendant realleges and incorporates is answer to paragraphs 1, 2, 7-13, 15-16, and 18-25 of this answer.

45. The allegations of Count I, paragraph Forty-Five (45) are not directed to this Defendant, therefore, a response is not necessary.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorney's fees.

**COUNT II**
**Bad Faith - GEICO**

46. The Defendant realleges and incorporates is answer to paragraphs 1, 2, 7-13, 15-16, 18-25, and 45 of this answer.

47. The allegations of Count II, paragraph Forty-Seven (47) are not directed to this Defendant, therefore, a response is not necessary.

48. The allegations of Count II, paragraph Forty-Eight (48) are not directed to this Defendant, therefore, a response is not necessary.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorney's fees.

**COUNT III**
**Bad Faith - Summit**

49. The Defendant realleges and incorporates is answer to paragraphs 1, 3-12, 14-17, and 26-43 of this answer.

50. The allegations in Count III, paragraph Fifty (50) are denied.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorney's fees.

**COUNT IV**
**Bad Faith - Summit**

51. The Defendant realleges and incorporates is answer to paragraphs 1, 3-12, 14-17, 19, 26-43 and 50 of this answer.

52. The allegations of Count IV, paragraph Fifty-Two (52) are denied.

53. The allegations in Count IV, paragraph Fifty-Three (53) are denied.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorney's fees.

**COUNT V**
**Bad Faith – NLC/Summit**

54. The Defendant realleges and incorporates is answer to paragraphs 1, 3-12, 14-17, 19, 26-43, 50 and 52-53 of this answer.

55. The allegations of Count V, paragraph Fifty-Five (55) are denied.

56. The allegations in Count V, paragraph Fifty-Six (56) are denied.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorney's fees.

**COUNT VI**
**Abuse of Process**

57. The Defendant realleges and incorporates is answer to paragraphs 1, 3-12, 14-17, 19, 26-43, 50, 52-53 and 55-56.

58. The allegations of Count VI, paragraph Fifty-Eight (58) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

59. The allegations of Count VI, paragraph Fifty-None (59) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

60. The allegations of Count VI, paragraph Sixty (60) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

61. It is admitted that the Defendant received the letter dated May 4, 2007. The Defendant states that the contents of the letter speak for itself.

62. The allegations in Count VI, paragraph Sixty-Two (62) are denied, except that it is admitted that Defendants' counsel wrote several letters to Plaintiff's Counsel.

63. Defendant admits it filed a Miscellaneous Petition as alleged in Count VI, paragraph Sixty-Three (63), but denies the remaining allegations.

64. The allegations in Count VI, paragraph Sixty-Four (64) are denied.

65. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count VI, paragraph Sixty-Five (65), and calls upon the Plaintiff to prove the same.

66. The Defendant states that the contents of the miscellaneous petition speak for itself.

67. The allegations in Count VI, paragraph Sixty-Seven (67) are denied.

68. The Defendant states that the contents of the miscellaneous petition speak for itself. The remaining allegations of Count VI, paragraph Sixty-Eight (68) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

69. The allegations in Count VI, paragraph Sixty-Nine (69) are denied.

70. The allegations in Count VI, paragraph Seventy (70) are admitted.

71. The allegations in Count VI, paragraph Seventy-One (71) are denied.

72. The allegations in Count VI, paragraph Seventy-Two (72) are denied.

73. The allegations in Count VI, paragraph Seventy-Three (73) are denied.

74. The allegations in Count VI, paragraph Seventy-Four (74) are denied.

75. The allegations in Count VI, paragraph Seventy-Five (75) are denied.

76. The allegations in Count VI, paragraph Seventy-Six (76) are denied.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were subject to a condition precedent which has not been fulfilled; to wit the plaintiff has failed to allege that it has complied with all conditions precedent, and further, has failed to prove that it is entitled to relief for "underinsured coverage" under the policy contract.

### SECOND AFFIRMATIVE DEFENSE

The alleged acts of the defendants were justified under the facts and circumstances of this case.

### THIRD AFFIRMATIVE DEFENSE

As to Count III, IV and V of the Complaint, the defendants affirmatively plead the defense of failure to state a cause of action upon which relief may be granted, as the plaintiff has failed to allege that it has complied with all conditions precedent, and further, has failed to prove that it is entitled to relief for "underinsured coverage" under the policy contract.

### FOURTH AFFIRMATIVE DEFENSE

As to Count IV and V of the Complaint, the defendants affirmatively plead the defense of failure to state a cause of action upon which relief may be granted, as the issue as to whether the insurer breached its obligations under the insurance contract has not yet been considered.

**FIFTH AFFIRMATIVE DEFENSE**

As to Count III, IV and V of the Complaint, the defendants deny that the plaintiff has met a condition precedent, in that the issue as to whether the insurer breached its obligations under the insurance contract has not yet been considered.

**SIXTH AFFIRMATIVE DEFENSE**

As to Count VI of the complaint, the defendants affirmatively plead that the claims arising out of the subject matter of the transactions and occurrences alleged are barred by a prior adjudication.

**SEVENTH AFFIRMATIVE DEFENSE**

The Court does not have subject matter jurisdiction of the claims alleged as the matter in controversy does not exceed the jurisdictional amount.

Respectfully Submitted,
New London County Mutual
Insurance Company and the Summit
Insurance Company
By their attorneys,

/s/Ronald Langlois
Ronald Langlois, Esq., #2891
SMITH & BRINK, P.C.
One State Street, Suite 400
Providence, RI 02903
Tel: (401) 351-9970
Fax: (401) 274-6218

**CERTIFICATION**

I hereby certify that on this 28TH day of January, 2008, I mailed a true and accurate copy of the enclosed to:

John Reilly, Esq.
Summit West, Suite 330
300 Centerville Road
Warwick, RI 02886-4395

Patrick Conley, Esq.
42 Weybossett Street, Suite 402
Providence, RI 02903

/s/Ronald Langlois