UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

YELDEZIENA CONDOR

VS. C.A. 07-460-ML

GEICO GENERAL LIABILITY
INSURANCE COMPANY, et al

# PLAINTIFFS' STATEMENT OF THE CASE

## Introduction

In accordance with this court's pretrial conference notice of March 13, 2008, Plaintiff, Yeldeziena Condor (hereinafter referred to as either "Plaintiff" and/or "Ms. Condor") presents this summary of the facts and those legal issues that may arise (to the extent that they are currently known).

## Factual Background

This diversity action involves underinsured motorist claims related to an automobile accident that took place or about August 24, 2002, on Elmwood Avenue at or near its intersection with McKinley Street, in Providence, Rhode Island. Ms. Condor was driving a car belonging to Joseph Ferri when struck by another, negligent motorist.

Ms. Condor (5'2" tall, weighing about 130 pounds) drove with her seat forward so as to be able to operate the pedals of this vehicle. The other car came from her right side and she apparently reflexively turned her head in that direction while reaching to press her brake pedal. She also tried to brace herself using both hands and arms on her

steering wheel, but the force of the collision was significant. Her car was “totaled” and its airbags deployed, smashing her face. With her head and neck turned she hyper-extended and rotated them unnaturally. She seems to have been knocked unconscious, suffering injuries to her head, brain, neck, right shoulder, right elbow and back. She was also diagnosed with a permanent right-sided brachial plexus medial cord (ulnar nerve) neuropathy and seems to have memory loss and poor concentration likely caused by post-concussive syndromes, all of which seems to be gradually progressing in severity as time has passed.[1]

Following the accident, Ms. Condor was out of work for about four (4) months (8/29/02 through 1/6/03) and then another 2.5 months (7/10/06 to 8/25/06) due to severe accident-related neck pain. She continues to suffer persistent, chronic neck and right shoulder pain, numbness and tingling of the right arm and little fingers of the right arm (resulting from traumatic brachial plexus medical cord neurpopathy), loss of some use of her right upper extremity, interrupted sleep due to pain, poor memory and concentration and post-traumatic stress disorder.

The Merchants Insurance Company has paid Ms. Condor the full $100,000.00 liability limit of the policy that it issued and which covered the Almeida/Ramos vehicle. Neither of the underinsured motorist companies has offered even a penny to settle her Underinsured motorist claims, despite the fact that she continues to have permanent complaints referable to the accident and (having been born on June 4, 1965) has a current life expectancy of about 40 years.

[1] Unrelated to the accident she has also suffered from thyroid cancer and carpal tunnel syndrome, and some leg pain.

## ANTICIPATED LEGAL ISSUES

In the "usual" situation, direct contract claims against insurance companies have often been severed (at least for trial) from claims for "bad faith" so that an initial determination may be made as to whether the contract claim was "fairly debatable". In the present case, defendants Summit and/or the New London Connecticut Insurance Company have committed an abuse of process (or fraud) by filing the petition described in Count VI of the complaint that has terminated in Plaintiff's favor. It is Condor's position that under these circumstances there is no reason or any justification for severance of Plaintiff's "bad faith" claims. This is exactly the type of situation that the Rhode Island Supreme Court sought to avoid in its *Skaling v. Aetna* decision. Therefore, whether and to what extent any extra-contractual severance should take place is anticipated to be a material legal issue in this action.

Depending upon whether Summit and/or the New London Connecticut Insurance Company assert the advice of counsel defense or other defenses, a further issue will be the propriety of the Smith & Brink law firm's continued representation of such parties.

With respect to the basic, underinsured motorist aspects of the case, the issues that bear upon those claims appear relatively routine and similar in nature to those in the matter of *Botelho v. Worcester Ins. Co., et al*. (No. 96-0436-ML) in which Plaintiff's undersigned counsel represented one of the defendants before this court.

Respectfully submitted,
Plaintiff, by counsel:

/s/ John B. Reilly

John B. Reilly (#1811)
John Reilly & Associates
100 North Main Street, 4th Floor
Providence, R.I. 02903
(401) 272-2800
(Fax) 272-2811

**CERTIFICATION**

It is hereby certified that on the 24th day of April 2008, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

Jeffrey P. Finan, Esq.
Finan & Grourke
24 Spring Street
Pawtucket, R.I. 02860

Ronald Langlois, Esq.
SMITH & BRINK, P.C.
One State Street, Suite 400
Providence, RI 02903

/s/ John B. Reilly