# EXHIBIT TWO

GEICO DIRECT

- Government Employees Insurance Company
- GEICO General Insurance Company
- GEICO Indemnity Company
- GEICO Casualty Company

Regional Office:
750 Woodbury Rd ■ Woodbury NY, 11797-2589

07/16/2004

JOHN REILLY
LAW OFFICES OF JOHN REILLY
SUMMIT WEST-300 CENTERVILLE RD Suite #: 330
WARWICK RI 02886 4395

| | |
|---|---|
| CLAIM #: | 014261142-0101-035 |
| INSURED: | John Laroche |
| LOSS DATE: | 8/24/02 |
| YOUR CLIENT(S): | Yeldeziena Condor |

Dear Mr. Reilly:

Thank you for your letter of July 14, 2004. In response, I concur that you sent a letter June 15, 2004 requesting permission to settle. However, you did not include a police report or any other information with your request. In order to grant permission to settle, I would need to run an asset check on the tort feasor. Since I did not know who that was, I could not do that. I called your office on June 22, 2004 to obtain the information needed and left a message for you. I did not hear from anyone from your office until June 29, 2004 when I received a call from Mr. Teixeira.

During that time, I contacted Merchants and was able to get a copy of the police report from them in order to begin my investigation. There were other issues, such as coverage that also needed to be addressed and verified.

There appears to be some confusion with my conversation with Mr. Teixeira. I did not state that I was not interested in assets. I had already run an asset check and received the results. This is why the assets were not an issue. As far as coverage for Mr. Ramos, it is common practice when the operator of the tort feasor vehicle is different than the owner, especially when they are not residents of the same household, that it should be investigated whether that party or anyone in their household had coverage that would be excess to the vehicle they were driving. This is not a "fanciful possibility". Acertaining all available coverage is in the best interest of your client. There is no "unreasonable delay".

Your client is not my insured, but is listed as a driver on my insured's policy. During my investigation, it was learned that my insured had two cars on his policy and therefore, the underinsured motorist coverage is stacked. Therefore, the available coverage is $50,000/$100,000 and our pro rata share is 1/3.

Now that my investigation is complete, we are granting you permission to settle your clients claim with Merchants for their $100,000 policy.

Please forward any and all medical bills and reports for your above captioned client relating to this loss along with authorizations for her prior injuries from 4/8/98, 10/11/98, 5/22/00 and 8/25/00.

If you have any questions, feel free to contact me at the number shown below.

Very truly yours,

Stephanie DiPaola, Claims Examiner
516-496-5044
Examiner Code: J088