# EXHIBIT THIRTEEN

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

NEW LONDON CONNECTICUT
INSURANCE COMPANY

vs.

PC07-

YELDEZEINA CONDOR

**NEW LONDONG CONNECTICUT INSURANCE COMPANY'S MISCELLANEOUS PETITION TO COMPEL ARBITRATION AND STAY INTEREST**

Now comes the Petitioner, New London Connecticut Insurance Company (hereinafter "NLC"), by and though counsel, in the above entitled matter and requests that this honorable court grant his miscellaneous petition to compel Yeldezeina Condor to arbitrate her claim for underinsurance benefits under Petitioner NLC's automotive insurance policy.

In support of said petition, the NLC submits:

1. That this matter arises out of an automobile accident which allegedly occurred on August 24, 2002, wherein Yeldezeina Condor, was operating a vehicle owned by Joseph Ferri.

2. That on or about June 15, 2004, the tortfeasor paid Yeldezeina Condor the limits of his automobile liability policy issued by Geico Insurance in the amount of $100,000.00.

3. That at the time of the accident, Joseph Ferri, the owner of the vehicle operated by Yeldezeina Condor held an automobile insurance policy issued by Petitioner NLC.

4. That on or about March 2, 2006, Yeldezeina Condor filed a claim with Petitioner NLC to pursue a claim against Joseph Ferri's uninsured motorist coverage and to date, no settlement demand has been made.

5. That the NCL policy provides, in pertinent part, that:

> If we and an "insured" do not agree:
>
> a. Whether that "insured" is legally entitled to recover damages; or
> b. As to the amount of damages which are recoverable by that "insured;"
>
> From the owner or operator of an "uninsured motor vehicle" then the matter may be arbitrated.
>
> Either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.
> (Exhibit 1: Rhode Island Uninsured Endorsement, *in pertinent part*)

6. That on or about October 2, 2006, Petitioner NLC moved to submit this matter to arbitration pursuant to Petitioner's Uninsured Motorist Coverage – Rhode Island, Arbitration Section B(1).

7. That on October 2, 2006, Petitioner named its arbitrator and requested the name of the individual selected by Yeldezeina Condor. (Exhibit 2: Petitioner's October 2, 2006 Letter).

8. That on November 22, 2006, December 13, 2006 and December 21, 2006 Petitioner requested the name of the individual selected to serve as Yeldezeina Condor's arbitrator so that the selection of a neutral might be

accomplished. (Exhibit 3: Petitioner's Correspondence to Yeldezeina Condor).

9. To date, Yeldezeina Condor has not provided the Petitioner with the name of her selected arbitrator.

10. That more than thirty (30) days have elapsed since Petitioner selected its arbitrator.

11. That, to date, Yeldezeina Condor is no longer seeking medical treatment.

12. That, to date, Yeldezeina Condor has not elected file suit.

Pursuant to the Petitioner's automobile insurance policy, when the parties cannot agree within 30 days, either party may request that such selection be made by a judge of a court having jurisdiction. Rather than ask this court to select an arbitrator for Yeldezeina Condor, the Petitioner seeks an order from this Court to compel Yeldezeina Condor to select an arbitrator so that the arbitration may proceed, or in the alternative, file suit to pursue her claim.

Additionally, "no one is under a duty to arbitrate unless with clear language he as agreed to do so." Peter Bush et al. v Nationwide Mutual Insurance Co., 448 A2.d 782, 784, 1982 R. I. LEXIS 982 (1982). Here, the language of the contact clearly requires that when the insured and the insurer disagree, either party may demand arbitration. As stated above, such a demand was made on or about October 2, 2006. (See Exhibit 2). Accordingly, Yeldezeina Condor has a contractual obligation to participate in arbitration to address her claim. Yeldezeina Condor's failure to name an arbitrator amounts to a breach of the contract for underinsurance.

Additionally, RIGL 10-3-2 states that, "When clearly written and expressed, a provision in a written contract to settle by arbitration shall be valid, irrevocable and enforceable." Here, the language of the uninsurance portion of the insurance policy is clearly written and expressed that when the two (2) parties cannot agree, then the matter may be arbitrated. (See Exhibit 1). Here, Petitioner NLC has demanded arbitration by way of counsel's October 2, 2006 letter. (See Exhibit 2). Furthermore, Superior Court Arbitration Rule 3(l) *Sanctions*, states, "Any party failing or refusing to participate in an arbitration proceeding in a good faith and meaning full manner shall be subject to sanctions by the court on motion of a party, or report of the arbitrator, as provided in Rhode Island Court Rule of Civil Procedure 37." Civil Procedure Rule 37(a)(4) allows this Court to levy sanctions against the non-participating party and award expenses to the moving party.

In light of Yeldezeina Condor's unwillingness to proceed with the arbitration and under the authority this Court is granted under Rule 37, Petitioner NLC seeks to stay the interest compounding as Yeldezeina Condor has failed to proceed to arbitration as required by Petitioner's automotive insurance policy and RIGL 10-3-2.

WHEREFORE, your Petitioner, New London Connecticut Insurance Company requests this Court to grant its miscellaneous petition to compel Yeldezeina Condor to proceed to arbitration within thirty (30) days and to stay the accruing interest as of this date.

Respectfully submitted,
Petitioner,
NEW LONDON CONNECTICUT INSURANCE COMPANY,
By Its Attorneys,

Lauren D. Wilkins, Esq. #3239
Heather L. Melnyk, Esq. #6757
Smith & Brink PC
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

**CERTIFICATION**

I hereby certify that on this 6th day of September, 2007, I mailed a true and accurate copy of the enclosed to:

John Reilly, Esq.
Summit West, Suite 330
300 Centerville Road
Warwick, RI 02886-4395

Patrick Conley, Esq.
42 Weybossett Street, Suite 402
Providence, RI 02903