UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

YELDEZIENA CONDOR
Plaintiff,

v.

GEICO GENERAL LIABLITY INSURANCE COMPANY, SUMMIT INSURANCE COMPANY and NEW LONDON COUNTY MUTUAL INSURANCE COMPANY
Defendants.

C.A.NO.: 07-460 ML

**INITIAL DISCLOSURES OF DEFENDANTS, NEW LONDON COUNTY MUTUAL INSURANCE COMPANY AND SUMMIT INSURANCE COMPANY, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Defendants, New London County Mutual Insurance Company and Summit Insurance Company, submit the following initial disclosures pursuant to F.R.C.P. 26(a)(1).

I. Witnesses Likely to have Discoverable Information Relevant to Defendants' Defenses.

1. Anita Flax, Esq.
2. Bonnie S. McIntyre; Subrogation Specialist; Summit Insurance Company; PO Box 40; Norwich, CT 866-287-5098;
3. Charlene Almeida (owner of third party vehicle);
4. Christeen Gilman; Adjuster; Medical Payments; NLC Insurance Companies; 101 High Street; Norwich, CT 860-887-3553
5. Dennis Franchetti; Adjuster; UIM; NLC Insurance Companies; 101 High Street; Norwich, CT 800-243-4080
6. Heather Melnyk, Esq.
7. James Greene (732-1370);
8. Jeffrey Haigh, Esq.
9. John Reilly, Esq.; John Reilly & Associates; 100 North Main Street, 4th Floor; Providence, RI
10. Joseph Ferri, 82 Holland Street, East Providence, RI;
11. Kim Crawford; Two Wilder Drive; The Physician Network, Inc.; PO Box 1700; Plaistow, NH
12. Kim Oliveira (461-7875);
13. Lauren Wilkins, Esq.

14. Marta Erin Garrett, Esq.
15. Michael Ramos (operator of third party vehicle);
16. Patrolman Joseph Villella.
17. Randall J. Levesque, Esq., Coia & Lepore; and
18. Scott Behrent; Supervisor; NLC Insurance Companies; 101 High Street; Norwich, CT;
19. Todd Lyon, M.D.; Physician Network, Inc.; The Physician Network, Inc.; PO Box 1700; Plaistow, NH
20. Yeldeziena Condor, Plaintiff

There may be other witnesses who have been inadvertently omitted, whose identity is currently unknown, and/or whose testimony may become relevant during the course of discovery. There may also be expert witnesses whose reports and opinions will be furnished during the course of general discovery. In all such events, defendants reserve the right to identify and add such additional individuals.

II. Relevant Documents.

1. Bourke letter to Gilman dated 4/7/04;
2. Condor's Application for Benefits;
3. Condor's Authorization for Medical Records & Authorization to Pay Physician
4. Condor's Health Insurance Claim Form for Dr. Newman
5. Dr. Jeffrey Newman's medical notes;
6. Examination under oath of Condor dated July 25, 2006;
7. Franchetti letter to Reilly dated 6/21/04;
8. Gagne letter to Franchetti dated 3/4/05;
9. Garrett letter to Haigh dated 2/28/06;
10. Gilman letter to Condor dated 10/22/02;
11. Gilman letter to Condor dated 10/25/02;
12. Gilman letter to Condor dated 10/4/02;
13. Gilman letter to Condor dated 12/12/02;
14. Gilman letter to Condor dated 4/15/04;
15. Gilman letter to Condor dated 8/26/02
16. Gilman letter to Condor dated 9/17/02;
17. Gilman letter to Condor dated 9/30/02;
18. Gilman letter to Reilly dated 5/18/04;
19. Gilman letter to Reilly dated 8/25/03;
20. Gilman letter to Reilly dated 9/16/02;
21. Haigh letter to DiPaola dated 4/11/06;
22. Haigh letter to DiPaola dated 4/28/06
23. Haigh letter to Garrett dated 12/16/05;
24. Haigh letter to Garrett dated 2/16/06;
25. Haigh letter to Garrett dated 2/24/06;

26. Haigh letter to Garrett dated 4/28/06
27. Haigh letter to Wilkins/Conley dated 5/23/06;
28. Haigh letter to Wilkins/Conley dated 5/31/06;
29. Invoice from Reporting Associates dated 9/1/06
30. Joseph Ferri, III, Personal Automobile Policy Declarations;
31. Levesque letter to Beretta dated 10/10/06;
32. Levesque letter to Beretta dated 10/2/06
33. Levesque letter to Conley dated 10/2/06;
34. Levesque letter to Conley dated 9/18/06;
35. Levesque letter to Reilly dated 10/2/06;
36. Levesque letter to Reilly dated 12/13/06;
37. Levesque letter to Reilly dated 12/21/06;
38. Medical Anchor Associates Pre-Accident Records
39. Medical Records from Anchor Medical Associates;
40. Medical Records from Eastside Neurology, Inc.
41. Medical Records from Lifespan
42. Medical Records from Neurohealth
43. Medical Records from Performance Physical Therapy, Inc.
44. Medical Records from The Miriam Hospital;
45. Medical Records from the Rhode Island Emergency Medical Service;
46. Medical Records from the Rhode Island Hospital Emergency Room;
47. Medical Records from University Orthopedics
48. Medical Records from University Rehabilitation;
49. Medical Records including notes from Drs. Trafton, Newman, Gordon, and Karl;
50. Melnyk letter to Reilly dated 4/27/07;
51. Motion to Compel Arbitration and Stay Interest
52. Motor Vehicle Accident 10/11/98 pre-accident records
53. Pawtucket Health Care Inc. Post-Accident Records
54. Pawtucket Health Care, Inc Pre-Accident Records
55. Photographs of loss site;
56. Photographs of Plaintiff
57. Plaintiff's Response (with objections) to Defendant, GEICO General Insurance Company's, First Request for Production of Documents (and of Documents subject to automatic disclosure)
58. Plaintiff's statement of the Case
59. Police Report;
60. Pre-Accident Work Related Injuries
61. Recorded Statement of Joseph Ferri to Franchetti dated

12/2/04

62. Reilly letter to Franchetti dated 10/27/04;
63. Reilly letter to Franchetti dated 10/6/05;
64. Reilly letter to Franchetti dated 7/18/05;
65. Reilly letter to Franchetti dated 8/1/05;
66. Reilly letter to Franchetti dated 8/29/05;
67. Reilly letter to Franchetti dated 9/27/05;
68. Reilly letter to Gilman dated 5/5/04;
69. Reilly letter to Gilman dated 6/15/04;
70. Reilly letter to Gilman dated 8/6/03;
71. Reilly letter to Gilman dated 9/10/02;
72. Reilly letter to Melnyk dated 5/4/07;
73. Reilly letter to Reporting Associates dated 8/8/07
74. Reilly letter to Wilkins dated 9/15/06;
75. Reilly letter to Wilkins/Conley dated 9/28/06;
76. Response of Yeldezeina Condor to Petition to 'Compel Arbitration' and to 'Stay Interest' with Reciprocal Motion to Dismiss and Request for Costs;
77. Stipulation correcting caption of complaint;
78. Transcript from 10/9/07 regarding Motion to Compel Arbitration and Stay Interest
79. Turgeon letter to Reilly dated 6/14/04;
80. Turgeon letter to Reilly dated 9/13/02;
81. Wage Reports
82. Wilkins letter to Haigh dated 6/12/06;
83. Wilkins letter to Reilly dated 5/18/07;
84. Wilkins letter to Reilly dated 9/11/06;

With the exception of the photographs of the loss site, which will be forwarded to Plaintiff with this pleading, the documents are already in Plaintiff's possession.

Respectfully Submitted,
New London County Mutual
Insurance Company and the Summit
Insurance Company
By their attorneys,

/s/Ronald Langlois
Ronald Langlois, Esq., #2891
SMITH & BRINK, P.C.
One State Street, Suite 400
Providence, RI 02903

Tel: (401) 351-9970
Fax: (401) 274-6218

## CERTIFICATION

I hereby certify that on this 26th day of June, 2008, I mailed a true and accurate copy of the enclosed to:

John Reilly, Esq.
John Reilly & Associates
100 North Main Street, 4th Floor
Providence, RI 02903

Patrick Conley, Esq.
42 Weybossett Street, Suite 402
Providence, RI 02903

/s/Ronald Langlois