**Issued by the**

# United States District Court

DISTRICT OF RHODE ISLAND

YELDEZIENA CONDOR

VS.

GEICO GENERAL INSURANCE COMPANY, SUMMIT INSURANCE COMPANY, AND NEW LONDON COUNTY MUTUAL INSURANCE COMPANY

**SUBPOENA IN A CIVIL CASE**

Case Number: 07-460-ML

**TO: Record Keeper or Designee of the Underwriting Department**
**GEICO General Insurance Company**
**One Geico Plaza**
**Washington, DC 20047-0001**
**c/o a/f/s R.I. Division of Insurance Regulation, 1511 Pontiac Avenue, Cranston, R.I. 02920**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

**XX** YOU ARE COMMANDED to appear at the place, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **John Reilly & Associates, 100 North Main St., 4th Floor Providence, R.I. 02903** | **July 28, 2008 2:00 P.M.** |

**XX** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30 (b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE 6/25/08

Attorney for Plaintiff

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John B. Reilly, Esq., John Reilly & Associates, 100 North Main St., 4th Floor, Providence, R.I. 02903
Tel.:(401) 272-2800

X Jen Castaldi

## PROOF OF SERVICE

| | | |
|---|---|---|
| SERVED | DATE 6/27/08 | PLACE 15[illegible]1 Pontiac Ave Cranston R.I. |

GEICO General INS. Co,
c/o R.I. Insurance Commissioner — SERVED ON (PRINT NAME)

in hand — MANNER OF SERVICE

Michael F. Taliercio — SERVED BY (PRINT NAME)

Constable #6109 — TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of service is true and correct.

DATE 6/27/08
[redacted]
MICHAEL F. TALIERCIO
Michael F. Taliercio
CONSTABLE #6109

Executed on: 6/27/08
DATE

SIGNATURE OF SERVER

24 Tome ST. Cranston R.I. 02920
ADDRESS OF SERVER

RULE 45. Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance of a subpoena shall take reasonable steps to avoid imposing undue burdens or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commended to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to show reasonable time for compliance

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or other commercial information, or

(ii) require disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash, or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**ATTACHMENT TO DEPOSITION NOTICE/SUBPOENAISSUED TO RECORD KEEPER OR DESIGNEE OF THE UNDERWRITING DEPARTMENT GEICO GENERAL INSURANCE COMPANY**

The witness/deponent is instructed to bring originals and copies of the following documents and/or other objects to the deposition:

1. Copies of all applications for policy number 519-83-82, issued to John Laroche at 192 Andrews Avenue, Apt. 2, West Warwick, Rhode Island 02893-5828 with respect to any automobile policy issued to Mr. Laroche which was effective on August 24, 2002. This request includes all earlier or subsequent applications or endorsements seeking to change the coverage available under the policy effective as of August 24, 2002.

2. A copy of the complete underwriting file for policy number 0701-33-39, issued to Cheleasa C. Bergeron and/or others at 20 Netop Drive, Providence, Rhode Island 02907-3706, including but not limited to a certified copy of any and all policies of insurance effective in the name of Ms. Bergeron and/or other residents at 20 Netop Drive, Providence, Rhode Island 02907-3706 as of August 24, 2002.

3. The foregoing requests include originals and copies of all files, file jackets or folders, applications, reports, underwriting data, claims or loss histories, premium quotations, records of telephone calls and messages, computer records, e-mail records (with attachments), notes and other documentation of any type relating to all applications (whether actually resulting in the issuance of a policy or not) for the above persons and dates.

NOTE: Respondent is reminded that pursuant to *Telephone Credit Union of Rhode Island v. Fetela*, 569 A.2d. 1059 (R.I. 1990), the insurance division of Rhode Island is appointed lawful attorney to receive "all lawful process" on behalf of a registered non-resident (foreign) insurer.