UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

YELDEZIENA CONDOR

VS. C.A. No.: 07-460-ML

GEICO GENERAL INSURANCE
COMPANY, SUMMIT INSURANCE COMPANY
AND NEW LONDON COUNTY MUTUAL
INSURANCE COMPANY

**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S MOTION TO SEVER AND STAY**

Now comes the Defendant, GEICO General Insurance Company in relation to the above captioned claim, and pursuant to F.R.P. 42(b), hereby moves that Count II of the Plaintiff's Complaint be severed and stayed pending decision on the underlying contractual claim.

Defendant hereby incorporates by reference its Memoranda of Law in Support thereof.

Defendant
GEICO General
Insurance Company
By Its Attorneys
FINAN & GROURKE

/s/ Jeffrey P. Finan
Jeffrey P. Finan #3278
24 Spring Street
Pawtucket RI 02860
401-723-6800
401-726-6340 (fax)
jpf@finangrourke.com

**CERTIFICATION**

I hereby certify that a copy of the within was filed through the ECF System on July 10, 2008, 2008 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jeffrey P. Finan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

YELDEZIENA CONDOR

VS. C.A. No.: 07-460-ML

GEICO GENERAL INSURANCE
COMPANY, SUMMIT INSURANCE COMPANY
AND NEW LONDON COUNTY MUTUAL
INSURANCE COMPANY

**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S MEMORANDA IN SUPPORT OF ITS MOTION TO SEVER AND STAY**

## I. BRIEF STATEMENT OF FACTS

1. In the above captioned matter, the plaintiff, Yeldeziena Condor, by and through counsel, has made claim against GEICO General Insurance Company for breach of contract (Count I) and bad faith (Count II). Additionally, the plaintiff has brought claims against Summit Insurance Company for breach of contract (Count III) and bad faith (Count IV) and claims against New London County Mutual Insurance Company for bad faith (Count V). Plaintiff, through counsel, has also brought a claim for abusive process against Summit Insurance Company and New London County Mutual Insurance Company.

The defendant, GEICO General Insurance Company, hereby moves to severe and/or dismiss Count II of the Plaintiff's Complaint at the present time.

## II. ARGUMENT AND APPLICABLE LAW

Rhode Island General Law 9-1-33 has established a cause of action for the bad faith refusal of an insured's carrier "to timely perform its obligations under the contract of insurance." The Rhode Island Supreme Court has clarified the definition of bad faith as an insurance carrier's "refusal to pay a claim when there is no lawful basis for the refusal coupled with the actual knowledge of that fact." Bartlett v. John Hancock Mutual Life Insurance Company, 538 A.2d 997, 1000 (R.I. 1988). The Court in Bartlett, went on to hold that the term "no lawful basis" "means that the insurer lacks the legitimate of arguable reason for

failing to pay the claim" Id. The plaintiff in a bad faith claim must show that "the insurance company had no legal or factual defense to the insurance claim" Id.

More recently, the Court, in the case of Skaling v. Aetna Insurance Company, 799 A.2d 997, (2002) has reiterated the fact that bad faith is established when the proof demonstrates than an insurer denies coverage or refuses payment without a reasonable basis in fact or law for the denial.

However, and most importantly, it has been long held under Rhode Island Law, as well as in the United States District Court for the District of Rhode Island that there can be no cause of action for an insurance company's bad faith refusal to pay a claim until the insured first establishes that the insurer breached its duty under the contract of insurance. (Bartlett 538 A.2d 997, (1998)). See also, Lamoureaux v. Merrimack Mutual Fire Insurance Company, 751 A.2d 1290, (R.I. 2000); Imperial Casualty Indemnity Co., v. Bellini, 746 A.2d 130, (2000); Lewis v. Nationwide Mutual Insurance Company, 742 A.2d 1207, (2000); Paul Revere Life Insurance Company v. Fish, 910 F. Supp. 58 (1996).

Simply stated, there is no basis at the present time for the plaintiff to allege bad faith, as the underlying contract action has not, as of yet, been adjudicated.

## III. CONCLUSION

For the reasons submitted, the Defendant, GEICO General Insurance Company, respectfully requests that this Court sever and stay Count II of the Complaint against GEICO General Insurance Company, pending resolution of the plaintiff's alleged breach of contract claim against this defendant.

## CERTIFICATION

I hereby certify that a copy of the within was filed through the ECF System on July 10, 2008 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jeffrey P. Finan