UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

YELDEZIENA CONDOR
Plaintiff

vs. C.A. No. 07-460 ML

GEICO GENERAL INSURANCE COMPANY; SUMMIT INSURANCE COMPANY and NEW LONDON COUNTY MUTUAL INSURANCE COMPANY
Defendants

**PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING HER OBJECTION TO MOTION OF DEFENDANT, GEICO GENERAL INSURANCE COMPANY, TO "SEVER AND STAY"**

Plaintiff, Yeldeziena Condor ("Condor"), has objected to the motion of defendant, GEICO General Insurance Company ("GEICO") to "sever and stay" Count II of her Complaint.[1]

Condor has previously objected to a similar motion filed by the other defendants in this action and restates and incorporates, by reference, her legal arguments made in response to the motion of GEICO's co-defendants as if fully stated in this memorandum. Nevertheless, she offers further argument in support of her objection to GEICO's motion in this memorandum.

[1] The Complaint has subsequently been amended but the reference to GEICO's bad faith is reasserted. Count II of the Amended Complaint retains the same allegations of "bad faith" as were alleged in Plaintiff's initial pleading.

ARGUMENT

GEICO's argument parallels that of its co-defendants, making reference to several Rhode Island cases, each of which predate the decision in *Skaling v. Aetna Insurance Company*, 799 A.2d 997, (2002). The cases upon which GEICO relies are all nonstarters under the current state of the law.

For example, *Lamoureaux v. Merrimack Mutual Fire Insurance Company*, 751 A.2d 1290, (R.I. 2000) was a case in which it was determined that the insured had settled her breach of contract claim by cashing a check which noted that by doing so she was settling all claims. The matter of *Imperial Casualty Indemnity Company v. Bellini*, 746 A.2d 130, (2000) also utilized the pre-*Skaling* approach, but even this case noted that certain information in a liability insurer's claim file should be discoverable with respect to the direct contract actions claims made by the plaintiff.

The holding in *Lewis v. Nationwide Mutual Insurance Company*, 742 A.2d 1207, (2000) pertained solely to an automobile insurer's delay in paying benefits and the case was decided on summary judgment which was felt to be appropriate on several grounds. One paramount reason was that the plaintiff failed to even provide the Superior Court with a copy of the insurance policy so as to allow the Court to determine whether predicate events had occurred. Furthermore, the delay in payment was apparently due to a valid question concerning coverage and this factual situation seems entirely disparate from the matter before this Court.

Finally, the *Paul Revere Life Insurance Company v. Fish*, 910 F. Supp. 58 (1996) matter was a summary judgment decision by (then Chief) Judge Lagueux of this Court in which both the insurer and insured were denied summary judgment based upon the existence of material questions of fact. Notes 15 and 16 to the decision mention (essentially in passing) that a

determination on the question of bad faith cannot be made until the issue of whether an insurance company breached its obligation under the contract has been considered. Judge Lagueux's decision did not recite that discovery should be stayed[2] nor that there should be separate trials.

Courts have often pointed out that an insurance company's duty of good faith is of a continuing nature and that this duty continues past the filing of a complaint against the insurer. Thus, "there may be evidence of post-filing conduct that is relevant to the bad faith claim." There is no "absolute barrier to such evidence," thus it is "discoverable, even though it may ultimately be found to be inadmissible." *Graham v. Gallant Insurance Group*, 60 F. Supp. 2d. 632 (W.D.KY. 1999) (citations omitted).

In the matter at bar, plaintiff has been requesting a copy of a second GEICO insurance policy that she firmly believes furnishes coverage to her as a resident of the household of Cheleasa Bergeron. GEICO has failed or refused to furnish confirmation of that policy, and has, in fact, objected to doing so without Condor first amending her complaint [see accompanying copy of objection dated July 10, 2008 appearing at **Exhibit "A,"** asserting that "to the extent that this Honorable Court grants the Plaintiff's Motion to Amend its Complaint, (GEICO) shall produce a true and accurate copy of Policy Number 0701-33-39, issued to Chelesea C. Bergeron, of 20 Netop Drive, Providence, RI 02907-3706, effective as of August 24, 2002" (the date of plaintiff's accident)]. If (as Condor suspects) GEICO was aware or should have been aware that such policy existed and provided coverage, it is arguable that GEICO misrepresented the nature and amount of coverage available to Condor, both before and following initiation of this

[2] Anecdotally, your undersigned counsel for the plaintiff recalls Chief Judge Lagueux having allowed discovery of both contract and "bad faith" issues to proceed simultaneously, reserving the right to deal with specific privilege or other issues as they arose. It was your undersigned counsel's understanding that this was done to avoid separate, consecutive discovery schedules and proceedings.

litigation. This is another example of "bad faith" and reason for allowing appropriate discovery concerning "bad faith" in this matter.

Finally, subsequent to filing its previous objection to the motion of GEICO's co-defendants, Condor has obtained a copy of the transcript of hearing before Judge Rubine in the Providence County Superior Court on the petition by the fictitious "New London Connecticut Insurance Company" to compel arbitration. A copy appears at **Exhibit "B."** At page 2 of that transcript, counsel from the law firm presently representing such co-defendants argued that "the insurer believes" that plaintiff's $100,000 settlement in the underlying action "remedy (sic) her damages."[3] This transcript and official espousal of the position of the co-defendants make it clear that they intended to offer absolutely nothing to Condor for her underinsured motorist claims. GEICO has adopted a similar approach and there have been no offers made by any defendant up to the time of the filing of this memorandum. Under circumstances such as this, plaintiff respectfully suggests that the threshold award that will constitute her having "prevailed" on her contract claim will be evidenced by <u>any</u> underinsured motorist recovery. In other words, by refusing to make any offers whatsoever, the insurers have set the threshold for plaintiff's prevailing on her contract claims very low indeed. This further supports her position that discovery concerning "bad faith" acts should proceed and that a bifurcation order be in place so that if the jury renders an award under the contract claims it can then be presented arguments and instructions concerning the "bad faith" alleged by the plaintiff.

---

[3] There follows a bizarre discussion concerning the fact that Ms. Condor was not the owner of the vehicle in which she was present at the time of the accident and that this should somehow obviate clear Rhode Island law, all of which was rejected by the Court.

SUMMARY AND CONCLUSION

For the foregoing reasons (and such further reasons as may appear during any oral argument scheduled by the Court), Condor respectfully requests that the Court reject and deny GEICO's motion in every respect.

Yeldeziena Condor
by her attorney,

/s/ John B. Reilly
John B. Reilly, Esq. (#1811)
John Reilly & Associates
100 North Main Street, 4th Floor
Providence, Rhode Island 02903
Tel.: (401) 272-2800
Fax: (401) 272-2811

**CERTIFICATION**

It is hereby certified that on the 16th day of July 2008, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record will receive notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

Jeffrey P. Finan, Esq.
Finan & Grourke
24 Spring Street
Pawtucket, RI 02860

Ronald Langlois, Esq.
Smith & Brink
One State Street, Suite 400
Providence, RI 02903

/s/ John B. Reilly