UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

YELDEZIENA CONDOR

VS. C.A. No.: 07-460-ML

GEICO GENERAL INSURANCE
COMPANY, SUMMIT INSURANCE COMPANY
AND NEW LONDON COUNTY MUTUAL
INSURANCE COMPANY

**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Now comes the Defendant, GEICO General Insurance Company in relation to the above captioned claim, and in Answer to the Amended Complaint as alleged against it, herein states as follows:

**FIRST DEFENSE**

This defendant denies each and every allegation of breach of contract as alleged against it in the Amended Complaint of the Plaintiff.

**SECOND DEFENSE**

This defendant denies each and every allegation of bad faith as alleged against it in the Amended Complaint of the Plaintiff.

**THIRD DEFENSE**

As to Count I of the Amended Complaint, this defendant affirmatively pleads the defense of failure to state a cause of action upon which relief may be granted, as the plaintiff has failed to prove that she has complied with all conditions precedent, and further, has failed to prove that she is entitled to relief for "underinsured coverage" under the policy contract.

**FOURTH DEFENSE**

As to Count II of the Amended Complaint, this defendant affirmatively pleads the defense of failure to state a cause of action upon which relief may be granted, as the issue as to whether this defendant breached its obligations under the insurance contract has not yet been considered.

**FIFTH DEFENSE**

This defendant affirmatively denies the performance of conditions precedent, in that the plaintiff has failed to provide timely notice of its claim under a potential second policy of insurance, further specified by the plaintiff in paragraph 26 of the Complaint.

**SIXTH DEFENSE**

For a defense to the separate paragraphs of the Complaint, this defendant responds as follows:

**PARTIES**

1. As to the allegations set forth in paragraphs 1, 3, 4, 5, and 6, this defendant is without sufficient knowledge hereof at this time, and leaves the plaintiff to make such proof thereof as she may be advised.

2. The allegations set forth in paragraph 2 are admitted.

**JURISDICTION AND VENUE**

3. As to the allegations set forth in paragraph 7, this defendant admits as to the defendant GEICO, and leaves the plaintiff to make such proof of the remaining allegations therein as she may be advised.

4. As to the allegations set forth in paragraph 8, this defendant is without sufficient knowledge hereof at this time, and leaves the plaintiff to make such proof thereof as she may be advised.

5. The allegations set forth in paragraph 9 are admitted.

**FACTUAL BACKGROUND**

6. As to the allegations set forth in paragraph 10, this defendant admits to the date and location of the accident, and is without sufficient knowledge as to the remaining allegations therein, and leaves the plaintiff to make such proof as she may be advised.

7. The allegations set forth in paragraph 11 are denied.

## THE INSURANCE POLICIES APPLICABLE TO PLAINTIFF'S CLAIMS FOR DAMAGES

8. As to the allegations set forth in paragraphs 12 and 15, this defendant is without sufficient knowledge hereof at this time, and leave the plaintiff to make such proof thereof as she may be advised.

9. As to the allegations set forth in paragraph 13, this defendant admits to the liability policy of insurance issued to John Laroche, but is without sufficient knowledge as to the remaining allegations therein, and leaves the plaintiff to make such proof thereof as she may be advised.

10. As to the allegations set forth in paragraph 14, this defendant leaves the plaintiff to make such proof thereof as she may be advised.

## SETTLEMENT UNDER THE MERCHANTS POLICY

11. As to the allegations set forth in paragraph 16, this defendant admits to the offer of $100,000.00 by "Merchants" and denies the remaining allegations as set forth therein.

12. As to the allegations set forth in paragraph 17, the defendant GEICO admits same in relation to the alleged "First GEICO Policy", and denies same in relation to the alleged "Second GEICO Policy."

13. The allegations set forth in paragraphs 19 and 20 are admitted.

14. As to the allegations set forth in paragraph 18, this defendant is without sufficient knowledge hereof at this time, and as to the remaining allegations therein, and leaves the plaintiff to make such proof thereof as she may be advised.

## UNDERINSURED CLAIM ACTIVITY INVOLVING GEICO

15. The allegations set forth in paragraph 21 are admitted.

16. As to the allegations set forth in paragraph 22, this defendant denies the same, as the letter "dated March 8, 2006" speaks for itself.

17. The allegations set forth in paragraphs 23, 24, 27 and 28 are denied.

18. As to the allegations set forth in paragraph 25, this defendant denies that said paragraph contains allegations of fact, but rather, conclusions of law to which no response is required.

19. As to the allegations set forth in paragraph 26, this defendant is without sufficient knowledge hereof at this time, and leaves the plaintiff to make such proof thereof as she may be advised.

**UNDERINSURED CLAIM ACTIVITY INVOLVING SUMMIT**

20. As to the allegations set forth in paragraphs 29, 30, 31, 32, 33, 34, 35, 36, and 37, said allegations are not made against this defendant, and as such, no response is required.

**ACTIVITY BY SMITH AND BRINK, AGENTS FOR SUMMIT AND/OR NLC**

21. As to the allegations set forth in paragraphs 38, 39, 40, 41, 42, 43, 44, 45, and 46, said allegations are not made against this defendant, and as such, no response is required.

**COUNT I**
**BREACH OF CONTRACT - GEICO**

22. This defendant hereby incorporates by reference its responses to paragraphs 1, 2, 7-14, 16-17, and 19-28 as if fully set forth herein and are incorporated by reference.

23. The allegations set forth in paragraph 48 are denied.

**COUNT II BAD FAITH – GEICO**

24. This defendant hereby incorporates by reference its responses to paragraphs 1, 2, 7-14, 16-17, 19-28, and 48 as if fully set forth herein and are incorporated by reference.

25. The allegations set forth in paragraphs 50 and 51 are denied.

**COUNT III**

26. As to the allegations set forth in paragraphs 52 and 53, said allegations are not made against this defendant, and as such, no response is required.

**COUNT IV**
**BAD FAITH – SUMMIT**

27. As to the allegations set forth in paragraphs 54, 55, and 56, said allegations are not made against this defendant, and as such, no response is required.

**COUNT V**
**BAD FAITH – NLC/SUMMIT**

28. As to the allegations set forth in paragraphs 57, 58, and 59, said allegations are not made against this defendant, and as such, no response is required.

**COUNT VI**
**ABUSE OF PROCESS – NLC/SUMMIT**

29. As to the allegations set forth in paragraphs 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, and 79, said allegations are not made against this defendant, and as such, no response is required from this defendant.

**SEVENTH DEFENSE**

30. This defendant generally denies all averments contained in the Amended Complaint of the Plaintiff, except such designated averments as have been expressly admitted.

WHEREFORE, Defendant, GEICO General Insurance Company, hereby demands judgment on its behalf, plus costs, reasonable attorney's fees, and other relief as this court may deem necessary and appropriate.

Defendant
GEICO General
Insurance Company
By Its Attorneys
FINAN & GROURKE

/s/ Jeffrey P. Finan
Jeffrey P. Finan #3278
24 Spring Street
Pawtucket RI 02860
401-723-6800
401-726-6340 (fax)
jpf@finangrourke.com

Defendant hereby requests a trial by jury.

**CERTIFICATION**

I hereby certify that a copy of the within Answer to the Plaintiff's Amended Complaint was filed through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 17th day of July, 2008.

/s/ Jeffrey P. Finan